not alleged that whatever the Bank of Montreal did was without the consent of the Banking Company, or that the money paid out was not for its benefit or the benefit of its creditors, and the same is true as to the securities.

[8] If the securities were wrongfully taken and appropriated, that would not have constituted a counterclaim in the action by the Bank of Montreal. Code Civ. Proc. § 501.

[9] Finally, it is claimed that, irrespective of the questions considered, the complaint states a cause of action as to the $19,000. What the complaint alleges as to this fund is that the sheriff received warrants of attachment in the actions commenced by the plaintiff and levied upon this fund, which he refuses to pay over because the Bank of Montreal has notified him it has a lien or claim thereon; that the Bank of Montreal has no lien upon this fund, nor has any levy been made thereon. The complaint, however, shows the issuing of the attachment by the Bank of Montreal prior to the plaintiff's attachments and it would seem that the sheriff was therefore bound to levy in the order in which the attachments were received. Sections 697, 1406, Code Civ. Proc. But if it be assumed that the sheriff was not bound to do this, but on the other hand was obliged to levy under the plaintiff's attachments, then the remedy of the plaintiff is not in equity, but by motion to compel the sheriff to do his duty.

My conclusion, therefore, is that the interlocutory judgment appealed from should be reversed, with costs, and the demurrers sustained, with costs, with leave to serve an amended complaint upon payment of costs. All concur.

---

(71 Misc. Rep. 510.)

RIPIN et al. v. JACOBS et al.

(Supreme Court, Appellate Division, First Department.    June 9, 1911.)

CORPORATIONS (§ 15*)—DIRECTORS—NUMBER.

Provision in a certificate of incorporation that the number of directors shall not be changed, except by unanimous consent of the stockholders, is valid, under General Corporation Law (Consol. Laws, c. 23) § 10, providing that the certificate may contain any limitation upon the powers of the corporation, directors, or stockholders, not exempting from any obligation or legal duty, permitting injunction against election of an additional director on objection by minority stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 25; Dec. Dig. § 15.*]

Appeal from Special Term, New York County.

Action by Seymour H. Ripin and another against Jacob L. Jacobs and others. From an order in plaintiffs' favor, defendants appeal. Affirmed.

The opinion of Greenbaum, J., at Special Term, is as follows:

If the provision in the certificate of incorporation of the United States Woven Label Company that the number of its directors, therein fixed at four, "shall not be changed except by the unanimous consent of all the stockholders of said corporation," is a valid and therefore binding one upon the

stockholders, it is unnecessary to consider the other points argued by counsel. In my opinion the above-quoted provision is a limitation upon the powers of the stockholders authorized by section 10 of the general corporation law (Consol. Laws 1909, c. 23), which reads as follows: "The certificate of incorporation of any corporation may contain any provision for the regulation of the business and the conduct of the affairs of the corporation, and *any limitation* upon its powers or *upon the powers of its directors and stockholders* which does not exempt them from the performance of any *obligation* or the performance of any *duty* imposed by law." It seems clear that any limitation upon the powers of the stockholders which does not result in an exemption in the performance of any obligation or duty imposed by law is lawful. From what obligation or duty imposed upon stockholders are the latter exempted by the charter provision in question? The defendants argue that it contravenes section 26 of the stock corporation law (Consol. Laws 1909, c. 59), which declares the statutory method for increasing or reducing the number of directors of any stock corporation. This section is merely permissive. It imposes no statutory duty upon a stockholder. It confers a power upon the stockholders, of which ordinarily they may avail themselves, but which section 10 of the general corporation law expressly provides may be limited in the certificate of incorporation. The argument of the learned counsel for the defendants that the provision is an enlargement and not a limitation of the powers of the stockholders, because it increases the power of the minority stockholder over the majority stockholders, is strained and subtle. The curtailment or limitation of the powers of the stockholders may redound to the advantage of given stockholders and to the detriment of others at a given time, but the power of all the stockholders is limited with respect to the provisions ordinarily accorded by the statute to increase or reduce the number of directors.

The cases relied upon by the defendants are readily distinguishable. In Katz v. H. & H. Mfg. Co., 109 App. Div. 49, 95 N. Y. Supp. 663, affirmed 183 N. Y. 578, 76 N. E. 1098, it was held that a by-law providing that the number of directors may not be increased or diminished by a vote of less than 90 per cent. of the stockholders was inconsistent with the provisions of section 26 of the stock corporation law, since only such by-laws may be adopted under section 11 of the general corporation law which are "not inconsistent with any existing law." A provision in a certificate of incorporation for which express sanction is given by section 10 of the general corporation law is quite different from the by-law that was held inconsistent with the existing law and which would deprive the stockholders without their consent of a right conferred under the statute. In People ex rel. Barney v. Whalen, 119 App. Div. 749, 750, 104 N. Y. Supp. 555, affirmed 189 N. Y. 560, 82 N. E. 1131, a clause which it was sought to embody in the certificate of incorporation was construed as not a limitation, but an enlargement, of the power of the corporation, and was held to be in violation of section 10 of the general corporation law, which provides that "no corporation shall possess or exercise any corporate powers not given by law or not necessary to the exercise of the powers so given," since it was "not one regulating the business or relating to the conduct of the affairs of the corporation, but is rather one for purpose of ending or closing up its business or affairs." In Bond v. Atlantic Terra Cotta Co., 137 App. Div. 671, 122 N. Y. Supp. 425, an alleged agreement between the original stockholders of a corporation at the time of its organization that the number of directors shall always be 12 in number was found not proven, and in the course of its opinion the court said that such an agreement cannot be given effect as against subsequent stockholders. The opinion also refers to the fact that there was no provision in the certificate of incorporation restricting or limiting the exercise of the right of the stockholders to apply for an increase or reduction of directors, and at pages 681, 682 of 137 App. Div., and page 434 of 122 N. Y. Supp., it is stated: "If it had been intended to withhold this power and authority for all time to come, or for any time, it is probable that an attempt would have been made to incorporate such a provision in the original certificate." While this case is not a direct authority declaring the right of a corporation to limit in a clause of its certificate the powers of its stockholders in the manner herein

discussed, it unquestionably may not be regarded as one favoring defendants' contention.

Nor does the clause in question violate any rule of public policy. People ex rel. Browne v. Koenig, 133 App. Div. 756, 118 N. Y. Supp. 136. If the limitation in the charter is legal, it follows that the action of the majority of the stockholders, taken under the protest of the minority, was ineffective and of no binding force, and that the latter are entitled to an injunction pendente lite restraining the defendants from holding or causing to be held any election of a fifth director of the defendant United States Woven Label Company.

Settle order on notice.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, DOWLING, and MILLER, JJ.

B. F. Feiner, for appellants.
E. Lauterbach, for appellees.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of court below. Order filed.

---

## STEVENS v. OLUS MFG. CO.

(Supreme Court, Special Term, New York County.   June, 1911.)

CORPORATIONS (§ 68*)—TRANSFER OF ASSETS TO STOCKHOLDER—VALIDITY.

An agreement by a corporation to transfer to a stockholder patent rights in exchange for his stock and resignation as officer is invalid, under Stock Corporation Law (Consol. Laws 1909, c. 59) § 28, prohibiting withdrawal of capital or reduction of capital stock, except as authorized by law, where the contract would involve withdrawal of 25 per cent. of the capital stock; it not appearing that the remaining patent rights equal in value the amount issued, or that the corporation would receive an equivalent in property for the rights transferred, or that the stock has any market value, or that there was a prior agreement to sell the stock received by the corporation at a price equaling the value of the rights transferred.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 181–183; Dec. Dig. § 68.*]

Action by William H. Stevens against the Olus Manufacturing Company. On demurrer to the complaint. Demurrer sustained.

A. George Maul, for plaintiff.
Wing & Russell, for defendant.

GIEGERICH, J.   The action is brought to enforce a contract claimed to have been made between the plaintiff and the defendant company, whereby the latter agreed to assign to him certain patent rights in a stipulated territory, in return for which he was to turn over his stock to the corporation and resign as vice president and director of the company. The complaint alleges that the plaintiff conceived a certain new and useful improvement in the manufacture of garments, known as the "Olus garments," which the plaintiff disclosed to Edward J. Quigley, William Ehret, and Philip E. Heery, who were practical garment cutters; that said Edward J. Quigley and William Ehret